UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LANCE BAYMON,

    PETITIONER,

v.

**ORDER**
Civil File No. 09-2032 (MJD/JSM)

B.R JETT, Warden,

    RESPONDENT.

Lance Baymon, *pro se*.

Mary Jo Madigan, United States Attorney's Office, Counsel for Respondent.

**I. INTRODUCTION**

This matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Janie S. Mayeron dated February 11, 2010 [Docket No. 37]. Respondent B.R. Jett objects to Magistrate Judge Mayeron's recommendation that Petitioner be credited an additional four days of pretrial credit against his federal sentence. Neither party objects to the Report and Recommendation's conclusion that Petitioner was arrested by state authorities on November 1, 2005; that the state did not relinquish prior jurisdiction by loaning Petitioner to federal authorities for prosecution; and that Petitioner is not

1

therefore entitled to credit for time served from November 1 or 7, 2005 through April 10, 2007. Additionally, neither party objects to the Report and Recommendation's conclusion that the time Petitioner spent in jail at the Dixon Springs boot camp prior to entering the DuQuoin Impact Incarceration Program was part of his eight-year state sentence, and could not be credited against his federal sentence.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636 (b)(1); Local Rule 72.2 (b). Based upon that review, the Court adopts in part and modifies in part the Report and Recommendation.

II. **FACTUAL BACKGROUND**

The Court adopts the Facts as set forth in Section I of the Report and Recommendation, with the following modification:

On page 5, at the end of the third sentence, add the following: "In calculating the 339 days of presentence credit applicable to Petitioner's eight year term of imprisonment, the State of Illinois determined that he had been in presentence custody for a period of eleven months and nine days. <u>See</u> Buege Second Decl. ¶ 5, Attach B, State of Illinois Sentencing Information, Letter from John Biby and Sentence Calculation Work Sheet at 3 (step1). The State of Illinois then calculated Petitioner's jail credit based upon 30-day months plus the

remaining days, which resulted in the number 339. Id. When the State of Illinois deducted the 11 months and 9 days of jail credit from the sentencing date of October, 11, 2006, however, it actually counted back 343 days to reach a November 2, 2005 custody date. See Bueche Second Decl. ¶ 6, Attach B, State of Illinois Sentencing Information, letter from John Biby and Sentence Calculation Work Sheet at 3(step 1)."

## III. DISCUSSION

### A. Credit for Time Served Between November 1, 2005 - April 10, 2007

The Court adopts the discussion and conclusion set forth in Sections II and II(A) of the Report and Recommendation.

### B. Petitioner Was Granted All Prior Jail Credit He Was Entitled To Against His Federal Sentence.

The Court adopts Section II(B) of the Report and Recommendation with the following modifications:

On page 18, the caption for Part B is modified to read: "Petitioner was Granted All Prior Jail Credit He Was Entitled To Against his Federal Sentence." Also, the sentence that starts on page 18 with the words "Petitioner was" and continues onto page 19 should be modified to read: "Petitioner was sentenced by the state court on October 11, 2006, and he was granted 343 days pretrial jail

3

credit, from November 2, 2005 to October 10, 2006 (the day before he began to serve his state sentences). Had, the State of Illinois given Petitioner only 339 days credit, it would have calculated a custody date of November 6, 2005. Here, however, the State of Illinois counted back a full 343 to settle on a custody date of November 2, 2005."

On page 19, the first full sentence starting with the words "According to" is stricken, along with the three following sentences that complete the paragraph.

On page 20, the first full paragraph is modified to read: "In sum, the Court finds that Petitioner's federal sentence commenced on April 11, 2007, and Petitioner is not entitled to any additional pretrial credit that was not credited to his state or federal sentence."

**IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation, filed February 11, 2010, is **ADOPTED** in part and **MODIFIED** in part as follows:

    i. The Court modifies the Background, Section I, as set forth in this opinion to include an explanation of how the State of Illinois calculated Petitioner's time served.

    ii. The Court adopts the Discussion, Sections II and II(A), in their entirety but modifies Section II(B) as set forth in this opinion to conclude that Petitioner was, in fact, awarded 343 days jail credit from the State of Illinois for time served between November 2, 2005 and October 11, 2006.

2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED.**

Date: April 24, 2010

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court